

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2008

# Haughton v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Haughton v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1270.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2878
_____

MORRIS DACOSTA HAUGHTON,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
United States Department of Homeland Security
(Agency No. A96-042-052)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008
Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges

(Filed: May 5, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Morris Haughton has filed a petition for review of a Final Administrative Removal

Order of the Department of Homeland Security ordering that he be removed to Jamaica.

For the following reasons, we will deny the petition for review.

In 1991, Haughton pleaded guilty to possession with intent to distribute crack cocaine and possession of a firearm by a felon. After serving time in prison for those offenses, Haughton applied for a United States passport. In his application, he represented that he was born in Lake Charles, Louisiana. He submitted a "Delayed Certificate of Birth" issued by the State of Louisiana. His passport application was "flagged" because he used a delayed birth certificate. When authorities investigated, they determined that Haughton was a Jamaican citizen with a Jamaican birth certificate.

The government criminally prosecuted him for making a false statement in an application for a passport, in violation of 18 U.S.C. § 1542. At trial in the U.S. District Court for the Southern District of Texas, the two people who had provided support for his Delayed Birth Certificate, one in an affidavit and the other in a baptismal certificate, testified that neither had actually known Haughton since birth and they had only stated that Haughton was born in Louisiana because Haughton said so. Haughton took the stand in his own defense and testified that he is a U.S. citizen. After trial, he was convicted and sentenced to twenty-four months imprisonment.

In April 2007, the government served Haughton with a Notice of Intent to Issue a Final Administrative Order pursuant to 8 C.F.R. § 238.1(b), the initial step in placing an alien in expedited removal proceedings under 8 U.S.C. § 1228(b).[1] On June 1, 2007,

---

[1]Such proceedings are permitted for the removal of an alien who is not a legal permanent resident and committed an aggravated felony. In expedited removal, the alien has no right to appear before an immigration judge and no right to any discretionary

Immigration and Customs Enforcement ("ICE") issued a final administrative removal order for Haughton to be removed to Jamaica.

Haughton filed a petition for review in which he asserted that he is a citizen of the United States (and therefore disqualified for removal for having committed an aggravated felony) and that his constitutional rights were violated in his criminal trial.[2] We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the legal question whether he is removable as an aggravated felon. See Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005). In response to Haughton's assertion that he is a U.S. citizen, the government contends that Haughton is collaterally estopped from asserting citizenship in this Court, because a U.S. District Court has already decided that he lied about being a U.S. citizen in his passport application. We agree with the government that issue preclusion applies in this instance.

"Collateral estoppel generally applies when the same issue was previously litigated by the same parties and was actually decided by a tribunal of competent jurisdiction." See Duvall v. Attorney General of the United States, 436 F.3d 382, 391 (3d Cir. 2006)

---

relief. See 8 U.S.C. § 1228(b).

[2] Haughton also filed motion for stay of removal and motion for appointment of counsel, which we have already denied. See Haughton v. Attorney General, C.A. No. 07-2878 (3d Cir. Aug. 23, 2007). Around the same time, the government moved to dismiss the petition for review for lack of subject matter jurisdiction, contending that the jurisdiction-stripping provision, 8 U.S.C. § 1252(a)(2)(C), prevents courts of appeals from exercising jurisdiction over a petition for review filed by an alien convicted of an aggravated felony. A panel of the Court referred the motion to dismiss to the merits panel.

3

(citation omitted).  The determination must be "essential" to the prior judgment.  See

Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.

1995).  "If a party is precluded from relitigating an issue with an opposing party, he is

also precluded from doing so with another person unless he lacked a full and fair

opportunity to litigate the issue in the first action or unless other circumstances justify

affording him an opportunity to relitigate the issue."  Melikian v. Corradetti, 791 F.2d

274, 277-78 (3d Cir. 1986).

As Haughton acknowledges, the indictment charged him with knowingly and

willfully making a false statement in an application for a U.S. passport, with intent to

secure the passport for his own use.  It charged that Haughton stated in his passport

application that he was born in Lake Charles, Louisiana, but that he knew this to be false.

In order to convict him of the offense under 18 U.S.C. § 1542 , the jury had to find that

Haughton knowingly made the false statement that he was born in Louisiana in his

passport application.  See United States v. George, 386 F.3d 383, 397 (2d Cir. 2004).

Haughton states that as evidence in support of the charge, a passport and visa fraud

investigator testified that after Haughton's application was flagged, the investigation

revealed that Haughton had a Jamaican birth certificate reflecting that he was born in Port

Antonio, Jamaica.  The government also presented two prior statements by Haughton

about his birthplace: a 1986 arrest blotter showing that Haughton represented he was born

in Port Antonio, Jamaica, and a 1984 application for a Texas identification card for which

4

Haughton provided a Jamaican birth certificate. With regard to the delayed Louisiana birth certificate, as previously mentioned, the two persons who had supported the birth certificate testified that neither personally knew whether Haughton was born in Louisiana, but that Haughton had told them he was born there.

Although Haughton testified in his own defense and attempted to point out the shortcomings in the Jamaican birth certificate, the jury ultimately found Haughton guilty of 18 U.S.C. § 1542. The jury's conclusion that Haughton lied on his passport application about his citizenship was essential to its conviction of Haughton and is now preclusive on the question of his alienage. The question presented here–whether Haughton is a citizen of the United States–is ultimately "the same as that involved in the prior action." Burlington N. R.R. Co., 63 F.3d at1231-32. Haughton maintains that he did not have a full and fair opportunity to litigate the citizenship issue in his criminal case, but this assertion is belied by the fact that he testified and presented evidence on his own behalf.

Finally, to the extent that Haughton asserts a constitutional claim regarding the criminal proceedings, we note that he appealed his criminal conviction to the U.S. Court of Appeals for the Fifth Circuit, and it appears he raised the same issue concerning the deposition of his mother in that appeal. See United States v. Haughton, No. 06-20054, 2007 WL 2186250 (5th Cir. July 30, 2007). The Fifth Circuit denied Haughton's claim, and we see no reason not to accord it appropriate deference. Even if it were not the exact

5

claim as presented in his petition for review, we do not find a due process violation impacting the instant removal proceedings.

We will deny the petition for review. The government's motion to dismiss is denied. Haughton's motions to clarify and to stay the appeal are denied.